**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DRAKE A. EDWARDS, | : | |
| Plaintiff, | : | Case No.  3:16cv00070 |
| vs. | : | District Judge Thomas M. Rose |
| | | Chief Magistrate Judge Sharon L. Ovington |
| LAWRENCE LASKY ESQ., et al, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATIONS[1]**

I. **Introduction**

Plaintiff Drake A. Edwards, a resident of Dayton, Ohio, brings this matter pro se against attorney Lawrence Lasky.  Plaintiff appears to also name as defendants Magistrate B. McClain, U.S. Bankruptcy Court Judge L.S. Walter, and attorney Adele Hamilton of the "Public Defender's Office."  (Doc. #s 1, 2). Plaintiff has not filed a complaint. Instead, he filed a document he captioned as a Motion and what appears to be an Order, with handwriting added, issued by the United States Bankruptcy Court for the Southern District of Ohio, Western Division at Dayton.  (Doc. #2, *PageID*#s 8-9).

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

under 28 U.S.C. §1915.

The case is presently before the Court for a *sua sponte* review to determine

whether Plaintiff's documents, or any portion of them, must be dismissed because it is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an

immune defendant.  *See* 28 U.S.C. §1915(e)(2); *see, e.g., Anson v. Corr. Corp. of Am.*,

529 Fed. App'x 558, 559-60 (6th Cir. 2013).

## II.    Background

Plaintiff captioned a one-page document as a "Motion Court For [sic] Disbarment

and Unethical Abuse Of Process, Contempt Charges Under Rule 11 Bankruptcy & While

Filing Chapter 13 Denying Me a Continuance."  (Doc. #2).  His Motion begins:[2]

> Note Please,!  An <u>De</u> <u>Novo</u> or Any Appeal from Defendants Would
> Not Be Taken in Good Faith, and I Will Appeal to Supreme Court, and I
> Petition the Court to Appeal in Good Faith, in Forma Pauperis and Not
> Terminating the Case on the Docket and Not Terminating the Case on the
> Docket Will Petition Recusal with Prejudice Against an Pro-se - Bias
> Implicit ....

(Doc. #2, *PageID* at 8).  Plaintiff then cites to a 1981 article in the American Bar

Association Journal titled, "The New Era In American Civil Procedure" and apparently to

a footnote (15) in that article that contains citations to publications concerning

amendments to the Federal Rules of Civil Procedure.  *Id*.

The other document Plaintiff has filed is the copy of an Order in a bankruptcy case

he attempted to litigate in the Bankruptcy Court under Chapter 13.  *Id*.  The Order is

---

[2] Each of the quotes that follow are verbatim and without attempted correction or [sic] notation.

titled, "Order Voiding 'Case' And Ordering Clerk To Immediately Close."  (Doc. #2,

*PageID*# 9).  The Order explains:

> On February 5, 2016, a hand-written document was electronically
> filed with the court.  The document does not constitute a Chapter 13
> Petition or any other cognizable legal document.  Nevertheless, a Chapter
> 13 bankruptcy case was administratively opened with the above referenced
> case number.  Notwithstanding this administrative action, a voluntary
> bankruptcy case has not been commenced and no order for relief has issued
> because a petition was not filed in accordance with 11 USC §301.
> Wherefore, it is hereby ....

(Doc. #2, *PageID*# 9).  There might be another page to the original Order.  Regardless,

when this page is read in light of the Order's title, it becomes apparent that Plaintiff did

not get far in the bankruptcy matter he attempted to litigate.

Plaintiff has added handwritten notes to the face of the Bankruptcy Court's Order

with various phrases such as "fair trial" and "abuse of process," "frivolous ruling," and

"Unconstitutional Ruling Against Pro Se '1898.'"  *Id*.  He also writes, "Petition's [sic]

Court To Overrule And Object Under Rule 11 USC 301 And Appeal Chapter 13

Bankruptcy Laws!"  *Id*.  He further writes, "Petition for recusal also! Of Judge L.S.

Walter!"  *Id*.

III.    **Applicable Standards**

Plaintiff's Motion or pleading may be dismissed as frivolous under §1915(e)(2)

"only if [he] fails to present a claim with 'an arguable basis either in law or in fact.'"

*Brand v. Motley*, 526 F. 3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams*,

490 U.S. 319, 325 (1989)).  A pleading lacks an arguable legal basis when it presents

"indisputably meritless" legal theories – for example, when the defendant is immune from

suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.

*See Neitzke*, 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.  A pleading lacks

arguable facts when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923

(quoting *Neitzke*, 490 U.S. at 327-28); *see Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th

Cir. 1990).

The Court's sua sponte review also requires dismissal of an *in forma pauperis*

pleading, or any portion of it, that fails to state a claim upon which relief can be granted.

28 U.S.C. §1915(e)(2)(B)(ii); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To state such a claim, Plaintiff's pleading "must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting, in part, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678.

**IV.    Analysis**

Considering Plaintiff's Motion and the information he attempts to convey by his

handwritten notes on a copy of the Bankruptcy Court's Order, it is somewhat difficult to

discern what factual allegations and claims he seeks to raise in this Court.  But,

construing his pro se documents liberally in his favor, he appears to be appealing the

Bankruptcy Court Order dismissing the matter he attempted to bring in the Bankruptcy

Court.  Although he does not plainly state the grounds for his appeal, he mentions "Bias Implicit," "Bias Against Pro Se Asking Petition Civil Court to retain jerry a meadows...," "Unconstitutional Move Against Pro Se," and "Petition for Recusal of Judge L.S. Walter."  (Doc. #2, *PageID*#s 8-9).  Plaintiff, however, does not provide any factual basis to support the conclusion that there was an unconstitutional bias against him or against pro se litigants in the Bankruptcy Court or that grounds existed for the recusal of Judge Walter or that grounds existed for appointing an attorney to represent him in the Bankruptcy Court.  Judge Walter's Order itself contains no hint of unconstitutional bias or grounds for recusal.  Rather than evincing unconstitutional bias, the fact that the Order dismissed and voided Plaintiff's pro se filing logically flows from Judge Walter's finding that the document does not constitute a Chapter 13 Petition and was not filed in accordance with 11 U.S.C. §301.  *See id*.

If Plaintiff's Motion seeks to disbar attorneys Lasky and Hamilton, Plaintiff does not explain why these attorneys should be disbarred.  His further assertion that he is appealing in good faith and in forma pauperis is not supported by any grounds for concluding that he is appealing in good faith.  And, most significantly, other than his conclusory claims, for example, unconstitutional bias and "unethical abuse of process, contempt charges under Rule 11" (Doc. #2, *PageID* #9), he provides no explanation of why he thinks the Bankruptcy Court erred as a matter of fact or law when voiding and dismissing his bankruptcy proceeding.

Accordingly, for all the above reasons, Plaintiff does not raise a plausible claim,

or a basis on which to advance a good faith appeal of the Bankruptcy Court's Order.  As

a result, his Motion and the attached Order with his handwritten notes are subject to

dismissal under 28 U.S.C. §§ 1915(e)(2), (3).

**IT IS THEREFORE RECOMMENDED THAT:**

1.   Plaintiff Drake A. Edward's Motion and Appeal be DISMISSED with
     prejudice pursuant to 28 U.S.C. §1915(e)(2), (3);

2.   The Court certify under 28 U.S.C. §1915(a)(3) that Plaintiff's appeal from
     this Court, if any, would not be taken in good faith; and,

3.   The case be terminated on the docket of this Court.


March 8, 2016

                                          s/Sharon L. Ovington
                                     Sharon L. Ovington
                              Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).